Opinion filed July 3, 2014



In The

# Eleventh Court of Appeals

_____

## Nos. 11-12-00222-CR & 11-12-00223-CR
_____

## EDWARD FERNANDEZ MEDRANO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause Nos. CR35988 & CR36058**

## M E M O R A N D U M   O P I N I O N

Edward Fernandez Medrano appeals the trial court's order cumulating his sentences in four convictions for indecency with a child by exposure under TEX. PENAL CODE ANN. § 21.11 (West 2011).  We affirm.

The grand jury returned two indictments against Medrano.  The first indictment, captioned "INDECENCY WITH A CHILD BY EXPOSURE," alleged that Medrano exposed a part of his genitals to G.R., a child younger than seventeen

years of age, with the intent to arouse and gratify his sexual desire. The second indictment, captioned "INDECENT EXPOSURE TO A CHILD," alleged, in Count One, that Medrano exposed a part of his genitals to C.M., a child younger than seventeen years of age, with the intent to arouse and gratify his sexual desire. Counts Two and Three of the indictment were identical to Count One of the indictment except for the name of the child. The parties agreed to consolidate the cases for trial.

The agreed motion to consolidate stated that Medrano was charged with the offense of indecency with a child in cause number CR35988 and in cause number CR36058. The motion also stated that the offenses alleged were the repeated commission of the same or similar offenses and that the offenses were committed pursuant to the same transaction or pursuant to two or more transactions that were connected or constituted a common scheme or plan. The trial court granted the motion and the cases proceeded to trial.

The jury found Medrano guilty as charged in each indictment and assessed his punishment at confinement for three years for the first indictment, two years for the first count in the second indictment, three years for the second count in the second indictment, and two years for the third count in the second indictment. The trial court sentenced Medrano in accordance with the jury's verdict as to the first indictment and as to the first and second counts in the second indictment. However, the trial court suspended the imposition of Medrano's sentence as to the third count in the second indictment and placed Medrano on community supervision for a period of ten years.

The State filed a motion under Section 3.03 of the Penal Code in which it sought to cumulate the four sentences assessed against Medrano. PENAL § 3.03 (West Supp. 2013). The trial court found that each of the four offenses of which the jury convicted Medrano was for indecency with a child under Section 21.11

and that the victim in each case was a child younger than seventeen years of age. The trial court ordered that Medrano's sentences run consecutively in the following order: three years for the first indictment, three years for count two in the second indictment, two years for count one in the second indictment, followed by the two-year sentence for which Medrano was placed on community supervision for ten years as to count three of the second indictment.

In one issue, Medrano alleges that the trial court erred when it ordered his sentences to run consecutively. Medrano specifically contends that, because the second indictment's caption read "INDECENT EXPOSURE TO A CHILD," he was convicted under Section 21.08 and not under Section 21.11. *Id.* §§ 21.08, 21.11. Therefore, he argues, Section 3.03 did not authorize the trial court to cumulate his sentences. Medrano agrees that he was convicted under Section 21.11 for the charge alleged in the first indictment, captioned "INDECENCY WITH A CHILD BY EXPOSURE."

Section 3.03 provides that, if a defendant is found guilty of more than one offense arising out of the same criminal episode, the sentences may run consecutively if the sentence is for a conviction of an offense under Section 21.11 and is committed against a victim younger than seventeen years of age. *Id.* § 3.03(b)(2)(A). Section 3.03 does not list Section 21.08 as one of the offenses in which a trial court may order a defendant's sentences to run consecutively. *Id.* § 3.03. "Criminal episode" is defined as "the commission of two or more offenses" that are "committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan" or offenses that are "the repeated commission of the same or similar offenses." *Id.* § 3.01.

Section 21.11 is titled "Indecency With a Child" and provides that a person commits the offense of indecency with a child if the person, knowing that the child

is present, exposes his anus or any part of his genitals with the intent to arouse or gratify the sexual desire of any person, and the child is younger than seventeen years of age. *Id.* § 21.11(a)(2)(A). Section 21.08 is titled "Indecent Exposure" and provides that "[a] person commits an offense if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act." *Id.* § 21.08(a).

The State contends that Medrano has waived his argument because he did not object to the trial court's imposition of his sentences. We cannot verify this contention because a reporter's record was not filed in this case due to Medrano's failure to pay the reporter's fee.[1] Thus, we will assume that Medrano has preserved his argument for our review. We note that the Texas Rules of Appellate Procedure permit us to decide an appellant's issue without a reporter's record if the issue does not require a reporter's record for our decision. TEX. R. APP. P. 37.3(c). After reviewing the parties' arguments and the clerk's record, we are confident that we can decide Medrano's sole issue on appeal without the benefit of a reporter's record.

The question here is whether Medrano was convicted of the charges alleged in the second indictment under Section 21.08 or Section 21.11. Although the second indictment's caption was "INDECENT EXPOSURE TO A CHILD," not "INDECENCY WITH A CHILD BY EXPOSURE" as in the first indictment, the body of the second indictment tracked the language of Section 21.11 and the language charging Medrano in the first indictment. Both indictments alleged that Medrano:

> [D]id then and there with the intent to arouse and gratify the sexual desire of the said EDWARD FERNANDEZ MEDRANO expose a

---

[1]The record does not contain a finding of indigency.

4

part of the genitals of the said EDWARD FERNANDEZ MEDRANO to [child], a child younger than 17 years of age and not the spouse of the said EDWARD FERNANDEZ MEDRANO, knowing that the said [child] was then and there present[.]

In addition, the jury was instructed that Medrano stood charged with one count of indecency with a child by exposure in cause number CR35988 and with three counts of indecency with a child by exposure in cause number CR36058. The jury found Medrano guilty of the offense of indecency with a child by exposure in each of the four counts as alleged in the indictments. The trial court's charge to the jury on punishment also listed the four offenses as indecency with a child by exposure. Furthermore, the judgments indicate that Medrano was convicted of one count of indecency with a child in cause number CR35988 and three counts of indecency with a child in cause number CR36058. The trial court, in cumulating Medrano's sentences, also found that Medrano had been convicted of four counts of indecency with a child by exposure under Section 21.11. Moreover, the parties stated in their agreed motion that Medrano was charged with indecency with a child in cause numbers CR35988 and CR36058. The parties also agreed that the offenses alleged in the indictments arose out of the same criminal episode in that the offenses were the repeated commission of the same or similar offenses and that the offenses were committed pursuant to the same transaction or pursuant to two or more transactions that were connected or constituted a common scheme or plan.

We hold that the record shows that Medrano was tried and convicted of four counts of indecency with a child by exposure under Section 21.11. The record also shows that Medrano agreed that the alleged offenses were part of the same criminal episode. Therefore, the trial court did not err when it ordered Medrano's sentences

to run consecutively as permitted under Section 3.03. Medrano's sole issue on appeal is overruled.

We affirm the judgments of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


July 3, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.